UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JAMES WALTER GONZALEZ,

      Petitioner,

v.                              Case No.  8:06-CV-1110-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____/


## ORDER

THIS CAUSE came before the Court for an evidentiary hearing on November 10, 2008, upon Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. §2254 (Dkt. #1). Petitioner (hereinafter "Petitioner" or "Gonzalez") had abandoned all grounds for relief except his first one, that his counsel was ineffective for failing to investigate, interview or present at trial the testimony of Charles Powell and John Straten.

Gonzalez raised these same issues with the state court on a Rule 3.850 motion.  The state court ruled against him for the following reasons:

> **Ground One**:  The defendant claims that trial counsel failed to investigate, interview and present his co-defendant, Charles Powell, as an eye witness at the trial.  The defendant alleges that Powell's testimony would incriminate Powell and would thus corroborate his trial testimony and exonerate defendant. This court finds that the defendant has to first demonstrate that Powell was available to testify before he can claim that counsel was ineffective for not calling him as a witness.  See Nelson v. State, 875 So.2d 579 (Fla. 2004). Powell was not available to testify at the defendant's trial because he had previously invoked his right to remain silent in his own criminal case.  This invocation of rights had not been withdrawn at the time of the defendant's September 5, 2001, trial.  The defendant has, therefore, not satisfied his burden

of proof that Powell was available to testify and that his testimony would have been of assistance to defendant.   Defendant has thus not shown that trial counsel was ineffective on this issue.  The motion as to this claim is denied.

**Ground Two:**   The defendant claims in ground two that counsel was ineffective for not investigating, interviewing, deposing or calling as a witness at trial, his other co-defendant, John Straten.   The defendant alleges that Straten would have testified that "to his knowledge" defendant was unaware of Powell's intention to rob the bank.   Straten's proposed testimony with the disclaimer "to his knowledge" is not sufficient to show that defendant did not know of Powell's intentions.   Further, the anticipated testimony of Straten is only speculation on Straten's part regarding defendant's knowledge of the bank robbery.   The court finds that Straten's anticipated testimony would not have altered the outcome of the trial and that this claim is thus legally insufficient.   The motion as to this issue is, therefore, denied.

Final Order Denying Motion for Postconviction Relief, at pp. 1-2.

In the hearing before this Court, the evidence showed that Gonzalez, Powell and Straten had been on a drinking binge for two or three days prior to the commission of a bank robbery.  Gonzalez contends that the three had gone to a friend's house who was not home. They were going back to Gonzalez' home in Straten's car with Straten driving when they almost had a head-on collision because of Straten's inebriation.  Straten pulled over and allowed Gonzalez to drive while Straten got in the backseat and passed out.

Gonzalez claims that Powell asked to stop at a bank so that he could cash a check. Gonzalez stopped in the parking lot of a supermarket (so that they could urinate in the parking lot) and Powell walked to the bank.  Gonzalez was unclear why he would choose to urinate in the parking lot of the supermarket rather than the bathroom inside the supermarket or in the parking lot of the bank.  While Powell was in the bank he robbed it.  Gonzalez drove from the parking lot of the supermarket to the bank and picked up Powell as he exited the

bank. The police, who had been called because Gonzalez and Powell had appeared suspicious in the supermarket parking lot, were behind them as they pulled away from the bank. The police had their lights on. Gonzalez claims that he pulled over as soon as he saw the lights and realized that they were for him. Other evidence suggested that his car stalled. Gonzalez further claims that he knew nothing about Powell's intentions to rob the bank because Powell had never said anything about it.

Powell claims that the bank robbery was his idea alone. He says that he had an extra car tag that he had stolen and that, while at the friend's house earlier that day, he had rummaged around in a pile of roofing materials and found some tape which he used to affix the stolen tag over the tag on Straten's car. Powell said that neither Gonzalez nor Straten saw him rummaging in the roofing materials, acquiring the tape, or affixing the tag to the rear of the car.

Gonzalez contends that, had Powell and Straten testified at his trial, the jury would have found him not guilty. Gonzalez further claims that he told his lawyer that both Powell and Straten would testify in his defense and exonerate him, but that his lawyer failed to call them as witnesses.

Gonzalez was represented at trial by John Rine. Mr. Rine testified under oath that he did not recall Gonzalez ever requesting that he bring either Powell or Straten to trial as witnesses. He stated that if such a request had been made, he, at the very least, would have contacted either those individuals or their attorneys to see if they would be available to testify. He knew that Powell had an attorney from the Public Defender's office and he did

not remember discussing the issue with Powell's attorney.  Rine did review the evidence and deposed the police officers prior to trial.  Gonzalez went to trial before Powell because Gonzalez refused to waive speedy trial.

Powell's attorney, Robert Focht, testified that John Rine had never spoken to him about the possibility of Powell testifying.  Further, the attorney stated that his own client, Powell, never said anything about being willing to testify on behalf of Gonzalez or that he was in possession of facts that would exonerate Gonzalez (Powell never told him that Gonzalez did not know about the robbery.)  Focht further testified that Powell had invoked his Fifth Amendment right to silence and had Powell wanted to testify, he would have advised against it strongly.

The assistant state attorney who prosecuted Gonzalez testified that had Powell testified at Gonzalez' trial in an attempt to exonerate Gonzalez, he probably would have withdrawn from plea negotiations with Powell.  Of course, had Powell testified under oath that he committed the bank robbery, he would have lost all leverage to negotiate a favorable plea bargain with the State.  Powell acknowledged that he was facing at least forty years in prison, but, several months after Gonzalez' trial concluded, was successful in negotiating a plea bargain for a mandatory fifteen years.

Straten testified that he was never charged and therefore did not have an attorney.  He would have been willing to testify had he been called as a witness, but he did not have a clear recall of any of the events that occurred for the two to three days in question.  He acknowledged that he was highly intoxicated the entire time and "on medication."  Straten

could not even remember where he slept the night before the robbery. He claims that he passed out in the back seat of the vehicle and knew nothing about what happened before or after the bank robbery. He describes the two or three days before the robbery as a blur.

## Standard of Review

Petitioner's §2254 petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). AEDPA requires that this Court give deference to the rulings of state courts. See 28 U.S.C. §2254(d) and Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843 (2002). Specifically, 28 U.S.C. §2254 provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d)(1)-(2).

So, under AEDPA, this Court must determine whether the state court decision involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence. If not, then habeas relief is not available.

## Discussion

The state court appears to have appropriately determined the facts from the evidence and applied existing federal law. Federal law concerning the ineffective assistance of

counsel requires that, to overturn a conviction, a petitioner must demonstrate (1) his trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) there is a reasonable probability the outcome of the trial would have been different absent the substandard actions of trial counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-95, 104 S.Ct. 2052 (1984). Further, there is a "strong presumption" the trial counsel rendered reasonable professional assistance and it is the petitioner's duty to overcome that presumption. <u>Strickland</u>, 466 U.S. at 689.

It is Petitioner's burden to show that Powell and Straten were available to testify and that the outcome of his trial would have been different had either been called as a witness. While Powell now says, at a time when he no longer has concerns about self-incrimination or plea bargaining leverage, he would have testified on Gonzalez' behalf, this Court finds that testimony is not credible. Powell had earlier claimed his Fifth Amendment rights and had refused to make any statements concerning his crime. At the time of Petitioner's trial, he had not withdrawn his right to remain silent. In fact, his own attorney was negotiating a plea bargain with the state and had Powell testified, and admitted under oath his involvement in the robbery, it would have greatly undermined his own personal bargaining position.

This Court concludes that Powell would not have come forward and testified, even if called as a witness by Gonzalez' attorney. Further, Gonzalez never told his attorney that Powell would testify. Gonzalez' attorney had no reason to believe that Powell would withdraw his earlier claimed right to remain silent and testify.

Straten was available as a witness.  He had not yet invoked his right to silence because he had not yet been charged with the robbery although such an event was still possible.  But Straten's testimony would have been worthless - he describes himself as "blacked out" prior to and after the robbery and therefore his testimony would not have changed the outcome of the trial.

The state court's finding of facts and application of federal law was not unreasonable. The failure to call Powell and Straten as witnesses was neither deficient performance on the party of Gonzalez' attorney nor prejudicial to the outcome of the trial.  Therefore, Gonzalez' habeas petition must be denied.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 19, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2006\06-cv-1110.evid hrg.wpd